UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ASAD OMAR                                                       CIVIL NO. 15-3615 (SRN/JSM)

    Plaintiff,

v.                                                                              REPORT AND RECOMMENDATION

JENNIEO TURKEY STORE, INC.,

    Defendant.

JANIE S. MAYERON, United States Magistrate Judge

    Plaintiff Asad Omar alleges that he fell and injured his knee and back while working for defendant Jennieo Turkey Store, Inc. ("JTS"). *See* Compl. at 4 [Docket No. 1]. Omar sued JTS in state court, but the state court found in favor of JTS, so Omar now seeks recourse in federal court for his workplace injuries. *Id*. Omar did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. That IFP application must be considered before any other action may be taken in this matter.

    After review of Omar's IFP application, this Court concludes that Omar qualifies financially for IFP status. That said, an IFP application must be denied, and an action must be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820

1

(8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Omar's complaint suffers from at least three substantial defects. First, Omar did not sign his complaint (or IFP application), as is required by Rule 11(a) of the Federal Rules of Civil Procedure ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented."). This problem is correctable, and ordinarily, a plaintiff must be afforded the opportunity at the outset of the action to correct his failure to sign the complaint. *Id.* ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). The other problems faced by Omar are insurmountable, however, and so this Court recommends dismissal on those grounds.

Second, Omar seeks monetary damages from JTS due to injuries he suffered during the course of his employment. Although Omar does not specify the legal basis for his claim, the only plausible grounds for such a claim arise exclusively under state law (for example, negligence). But "[i]f an employee suffers a personal injury or death arising out of and in the course of employment, the Workers' Compensation Act [("WCA")] provides the employee's exclusive remedy and district courts have no

jurisdiction." *Zapata v. Metropolitan Council*, Nos. A09-1112, A09-1813, 2010 WL 2160909, at *3 (Minn. Ct. App. June 1, 2010) (citing Minn. Stat. § 176.031); *accord Mennis v. Prime Hospitality Corp.*, No. 03-CV-4191, 2004 WL 1987229, at *12 (D. Minn. Sept. 7, 2004). On the face of the complaint, Omar's claim for judicial relief — that he suffered an unintentional injury during the course of his employment with JTS — is squarely foreclosed by the WCA, and this Court recommends dismissal on that basis. *See Stoling v. Arkadelphia Human Devel. Center*, 81 Fed. App'x 83, 84 (8th Cir. 2003) (per curiam) (permitting dismissal of a complaint as frivolous on the basis of an affirmative defense where the affirmative defense is "apparent" from the complaint itself).

Third, Omar alleges that he previously raised his sole claim for relief in the Minnesota state courts and that those courts "decided unfavorabl[y] to me." Compl. at 4. As just discussed, it is possible that any decision unfavorable to Omar's claim from the Minnesota state courts was on *jurisdictional* grounds, as the WCA bars Minnesota courts from considering the merits of a claim that falls within the ambit of the WCA. If, however, the Minnesota courts somehow retained jurisdiction over some or all of Omar's claim and decided against him, and if this Court also has jurisdiction over that aspect of the claim (which it does not based on the WCA), that claim would nevertheless be foreclosed by principles of res judicata. *Cardona v. Holder*, 754 F.3d 528, 530 (8th Cir. 2014) ("Res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." (Quotation omitted)). By his own admission, Omar has already sought and been denied relief from a competent judicial

tribunal on the exact claim he seeks to raise here against JTS.  See Compl. at 4.  Omar may not "appeal" the denial of his claim to the federal courts or otherwise seek to relitigate a claim denied on the merits elsewhere.  See also In re Smith, 530 Fed. App'x 616, 616-17 (8th Cir. 2013) (per curiam) (discussing Rooker-Feldman doctrine).

For those reasons, this Court recommends summary dismissal of this action pursuant to § 1915(e)(2)(B).  Because the WCA acts as a jurisdictional bar to consideration of Omar's claims, this Court recommends that the dismissal be *without* prejudice.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE under § 1915(e)(2)(B).

2. Plaintiff Asad Omar's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

Dated:    September 22, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing **(October 6, 2015**).  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.